**EXHIBIT A**



Superior Court of Arizona
In Maricopa County

Case Number: CV2014-013109

**CIVIL COVER SHEET - NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney:
Lisa Counters

Attorney's Bar Number: No. 016436

Plaintiff's Name(s): (List all)
Michael Michalak & Nina Andrews

COPY

NOV 17 2014

MICHAEL K. JEANES, CLERK
L. CODY-DAY
DEPUTY CLERK

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language: _____

To the best of my knowledge, all information is true and correct.

Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Address:
c/o The Counters Firm, P.C.
4809 East Thistle Landing Drive, Suite 100
Phoenix, AZ 85044

(List additional plaintiffs on page two and/or attach a separate sheet)

Defendant's Name(s): (List all.)
Stillwater Property & Casualty Insurance Co.

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)
☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction
☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

X  RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.  (Mark appropriate box under Nature of Action).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, in addition to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the one case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☒ 116 Other (Specify) Bad Faith

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
   ☐ 136 Six to Nineteen Structures
   ☐ 137 Twenty or More Structures



**150-199 OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704) (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
- ☐ 194-Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

Case No. _____
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____

(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)
_____
_____

Additional Defendant(s)
_____
_____

STATE OF ARIZONA
DEPT. OF INSURANCE

NOV 2 5 2014

TIME 2:14pm

SERVICE OF PROCESS

**THE COUNTERS FIRM, P.C.**

Representation you can count on.

Lisa Counters, 016436
4809 E. Thistle Landing Drive, Ste. 100
Phoenix, AZ 85044
(602) 490-0030 Voice
(888) 683-8397 Fax
Lisa@countersfirm.com
Attorneys for Plaintiff

## SUPERIOR COURT

## IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MICHALAK and NINA ANDREWS, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Stillwater Property & Casualty Insurance Company, a foreign insurer, f/k/a Fidelity National Insurance Company, a foreign insurer<br><br>Defendant. | No.<br><br>CV2014-013109<br><br>If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANTS:

Stillwater Property & Casualty Insurance Company
c/o Arizona Department of Insurance
2910 N. 44th Street
Phoenix, Arizona 85018

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where service of process is upon the Arizona Director of Insurance as an insurer's agent to receive service of legal process against it in this state, then the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's

Return. Rule 4, Arizona Rules of Civil Procedure; A.R.S. §§20-222, 28-502, 28-503.

1  YOU ARE HEREBY NOTIFIED that in case of your failure to appear and
2  defend within the time applicable, judgment by default may be rendered against you for the relief
   demanded in the Complaint.

3  YOU ARE CAUTIONED that in order to appear and defend, you must either
4  appear in person or file an Answer or proper response in writing with the Clerk of this Court,
   accompanied by the necessary filing fee, within the time required, and you are required to serve a
5  copy of any Answer or response upon the plaintiff's attorney. Rule 10(d), Arizona Rules of
   Civil Procedure; A.R.S. §12-311; Rule 5, Arizona Rules of Civil Procedure.

6  REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH
7  DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY
   PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT
8  PROCEEDING.

9  The name and address of Plaintiff's attorney is:

10  Lisa J. Counters, Esq., 016436
    **THE COUNTERS FIRM, P.C.**
11  4809 E. Thistle Landing Drive,
    Suite 100
12  Phoenix, Arizona 85044

13

14
    SIGNED AND SEALED this date: _____ **COPY** _____
15

16                                      NOV 17 2014
    By _____
17      Deputy Clerk      MICHAEL K. JEANES, CLERK
                          L. CODY-DAY
18                        DEPUTY CLERK

| | |
|---|---|
| 1  Lisa Counters, SBN 016436<br>   The Counters Firm, P.C.<br>2  lisa@countersfirm.com<br>   (602) 490-0030 Voice<br>3  (888) 683-8397 Fax<br>4  Suzanne M. Garier, SBN 023908<br>   ALEXI Professional Services<br>5  smgarier@alexipro.com<br>   (855) 440-7299 Voice<br>6<br>7  4809 E. Thistle Landing Drive, Suite 100<br>   Phoenix, AZ 85044<br>   Attorneys for Plaintiff | **COPY**<br>NOV 17 2014<br><br>MICHAEL K. JEANES, CLERK<br>L. CODY-DAY<br>DEPUTY CLERK |

SUPERIOR COURT

IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MICHALAK and NINA ANDREWS,<br>Husband and Wife,<br><br>         Plaintiffs,<br>vs.<br><br>Stillwater Property & Casualty Insurance Company,<br>a foreign insurer, f/k/a Fidelity National Insurance<br>Company, a foreign insurer<br><br>         Defendant. | No. CV2014-013109<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For their Complaint, Michael Michalak and Nina Andrews (Michalak and Andrews) allege as follows:

### PARTIES AND JURISDICTION

1. Michalak and Andrews are married persons who reside in Maricopa County, Arizona. The property and claims at stake in this litigation are related to their community property.

2. Stillwater Property & Casualty Corporation f/k/a Fidelity National Insurance Company ("Stillwater") is a foreign insurer, incorporated in New York. Its principal place of business is in Jacksonville, Florida.

3. Stillwater's predecessor was Fidelity National Insurance Company ("Fidelity"). Fidelity "rebranded" its homeowners' insurance business and assumed the

name Stillwater on or around October 2013. Stillwater is authorized to do business in Arizona and does business in Maricopa County.

4. On information and belief Stillwater assumed all rights, duties, obligations, responsibilities and liabilities for policies issued by Fidelity.

5. Venue is proper in this Court.

## GENERAL ALLEGATIONS

6. Fidelity issued a homeowners' insurance policy, Policy No. NH4027500 ("Policy") to Michalak and Andrews effective September 25, 2012, covering Michalak's and Andrews' home located at 315 W. Indian Road, Gila Bend, Maricopa County, Arizona.

7. Michalak and Andrews made all premium payments due under the homeowners' insurance policy contract with Stillwater.

8. On or about November 17, 2012, while Michalak and Andrews were out of the country on vacation, their home was burglarized. Property was destroyed and other valuable property was stolen from the residence, including, but not limited to tools, computer equipment, camera equipment, guns, jewelry, and movies.

9. In addition to the theft, the perpetrators intentionally set fire to the home, thereby destroying the home and the remainder of its contents.

10. Michalak and Andrews learned of the theft and the fire through a phone call made to them while they were on vacation.

11. Michalak and Andrews reported the burglary, theft, and fire to the Maricopa County Sheriff's Office ("MCSO"). MCSO prepared an incident report. MCSO has investigated the matter. Michalak and Andrews believe the investigation may be ongoing; however, to date, no suspect has been arrested or charged.

12. Michalak and Andrews submitted two claims with Stillwater for coverage under their policy, one associated with the theft and one associated with the fire.

13. The losses sustained by Michalak and Andrews were covered losses under the terms of the Policy.

14. Stillwater investigated the claim, and after considerable delays, made sufficient claim payments under the policy pursuant to the fire claim to allow Michalak and Andrews to rebuild their residence.

15. Stillwater, however, has refused to compensate Michalak and Andrews fully under the policy for the damages associated with the theft of their personal property, the damage to their personal property associated with the fire, their alternative living expenses, debris removal and other damages due under various lines of coverage available in the Policy.

## COUNT I

### (Breach of Contract)

16. All previous allegations are incorporated into this count.

17. Stillwater entered into a valid and binding contract to provide coverage for Michalak and Andrews.

18. Michalak and Andrews paid all premiums due under the Policy with Stillwater and have performed all other duties and obligations owed by them to Stillwater with respect to the Policy.

19. Stillwater continued to accept and charge premiums.

20. In breach of the Policy with Michalak and Andrew, Stillwater has refused to provide full coverage for the damages associated with the November 17, 2012 burglary and theft and November 18, 2012 fire at Michalak and Andrews' home.

21. Stillwater has failed to pay all the insurance benefits due under the Policy to which Michalak and Andrews are entitled, despite its obligation to do so.

22. Had Stillwater properly processed the claim and lived up to its obligations under the Policy, it should have paid for the stolen property, the fire-damaged property, the alternative living expenses incurred by Michalak and Andrews, the cost of debris removal, and all other damages due pursuant to the Policy issued by Stillwater to Michalak and Andrews.

23. Michalak and Andrews have been damaged as a direct result of Stillwater's failure to provide coverage and pay the damages associated with Plaintiffs' November 17, and 18, 2012.

## COUNT II

### (Tortious Breach of Covenant of Good Faith and Fair Dealing/Bad Faith)

24. All previous allegations are incorporated into this count.

25. At all relevant times, Stillwater was under a duty to act in good faith and deal fairly with Michalak and Andrews in handling the losses sustained by them.

26. Stillwater's refusal to fully pay Michalak and Andrews' claim is contrary to the insurance policy, as well as Stillwater's duty of good faith and fair dealing, and is part of a corporate plan, scheme and design by Stillwater to deny payments rightfully due to insureds under the policy.

27. Stillwater refused and failed to act in good faith and deal fairly with Michalak and Andrews, in that Stillwater failed to properly handle claims with respect Michalak and Andrews' November 17, and 18, 2012 claims in a reasonable manner.

28. In the absence of a reasonable basis for doing so, Stillwater failed and refused to provide Michalak and Andrews with the full benefits to which they were entitled under the Policy.

29. Michalak and Andrews have suffered generalized and special damages as a direct and proximate result of Stillwater's breach of the covenant of good faith and fair dealing.

30. Stillwater either intended to cause injury to Michalak and Andrews or acted to serve its own interests having reason to know and consciously disregarding the substantial risk that its conduct might significantly injure Michalak's and Andrews' rights or the rights of others.

WHEREFORE, Plaintiffs pray for relief as follows:

A. For judgment in favor of Michalak and Andrews and against Stillwater for general and special damages for breach of contract in an amount to be proven at trial;

B. For judgment in favor of Michalak and Andrews and against Stillwater for general and special damages for breach of the covenant of good faith and fair dealing in an amount to be proven at trial.

C. An assessment of punitive and exemplary damages in an amount appropriate to punish, deter, and set an example of Defendants.

D. For pre- and post-judgment interest to the full extent permitted by law.

E. For all costs and attorney's fees incurred herein pursuant to A.R.S. § 12-341.01 and as otherwise permitted by law;

F. For such other and further relief as the Court deems just and proper.

Dated this ___ day of November, 2014.

THE COUNTERS FIRM, P.C
ALEXI Professional Services, Inc.

By: _____
Lisa J. Counters
Suzanne M. Ganier

Lisa Counters, SBN 016436
The Counters Firm, P.C.
lisa@countersfirm.com
(602) 490-0030 Voice
(888) 683-8397 Fax

Suzanne M. Ganier, SBN 023908
ALEXI Professional Services
smganier@alexipro.com
(855) 440-7299 Voice

4809 E. Thistle Landing Drive, Suite 100
Phoenix, AZ 85044
Attorneys for Plaintiff

**COPY**

NOV 17 2014

MICHAEL K. JEANES, CLERK
L. CODY-DAY
DEPUTY CLERK

## SUPERIOR COURT
## IN AND FOR COUNTY OF MARICOPA

MICHAEL MICHALAK and NINA ANDREWS, Husband and Wife,

    Plaintiffs,

vs.

Stillwater Property & Casualty Insurance Company, a foreign insurer, f/k/a Fidelity National Insurance Company, a foreign insurer,

    Defendant.

No. CV2014-013109

**CERTIFICATE OF COMPULSORY ARBITRATION**

Pursuant to Arizona Rule of Civil Procedure 72, Plaintiff certifies that this case exceeds the jurisdictional amounts and is *not* subject to compulsory arbitration.

Dated this _____ day of November, 2014.

THE COUNTERS FIRM, P.C
ALEXI Professional Services, Inc.

By: _____
Lisa J. Counters
Suzanne M. Ganier

Lisa Counters, SBN 016436
The Counters Firm, P.C.
lisa@countersfirm.com
(602) 490-0030 Voice
(888) 683-8397 Fax

Suzanne M. Ganier, SBN 023908
ALEXI Professional Services
smganier@alexipro.com
(855) 440-7299 Voice

4809 E. Thistle Landing Drive, Suite 100
Phoenix, AZ 85044
Attorneys for Plaintiff

**COPY**

NOV 17 2014

MICHAEL K. JEANES, CLERK
L. CODY-DAY
DEPUTY CLERK

## SUPERIOR COURT
## IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MICHALAK and NINA ANDREWS, Husband and Wife,<br><br>　　　　Plaintiffs,<br>vs.<br><br>Stillwater Property & Casualty Insurance Company, a foreign insurer, f/k/a Fidelity National Insurance Company, a foreign insurer,<br><br>　　　　Defendant. | CV2014-013109<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs demand a jury trial on all triable issues in this matter pursuant to Rule 38(b), Arizona Rules of Civil Procedure 72.

Dated this ___ day of November, 2014.

THE COUNTERS FIRM, P.C
ALEXI Professional Services, Inc.

By: _____
Lisa J. Counters
Suzanne M. Ganier

Lisa Counters, SBN 016436
The Counters Firm, P.C.
lisa@countersfirm.com
(602) 490-0030 Voice
(888) 683-8397 Fax

Suzanne M. Ganier, SBN 023908
ALEXI Professional Services
smganier@alexipro.com
(855) 440-7299 Voice

4809 E. Thistle Landing Drive, Suite 100
Phoenix, AZ  85044
Attorneys for Plaintiff

## SUPERIOR COURT

## IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MICHALAK and NINA ANDREWS, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Stillwater Insurance Company, a foreign insurer, f/k/a Fidelity National Insurance Company, a foreign insurer,<br><br>Defendant. | No. CV2014-013109<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For their Complaint, Michael Michalak and Nina Andrews (Michalak and Andrews) allege as follows:

### PARTIES AND JURISDICTION

1. Michalak and Andrews are married persons who reside in Maricopa County, Arizona. The property and claims at stake in this litigation are related to their community property.

2. Stillwater Insurance Company f/k/a Fidelity National Insurance Company ("Stillwater") is a foreign insurer, incorporated in New York. Its principal place of business is in Jacksonville, Florida.

3. Stillwater's predecessor was Fidelity National Insurance Company ("Fidelity"). Fidelity "rebranded" its homeowners' insurance business and assumed the

name Stillwater on or around October 2013. Stillwater is authorized to do business in Arizona and does business in Maricopa County.

4. On information and belief Stillwater assumed all rights, duties, obligations, responsibilities and liabilities for policies issued by Fidelity.

5. Venue is proper in this Court.

## GENERAL ALLEGATIONS

6. Fidelity issued a homeowners' insurance policy, Policy No. NH4027500 ("Policy") to Michalak and Andrews effective September 25, 2012, covering Michalak's and Andrews' home located at 315 W. Indian Road, Gila Bend, Maricopa County, Arizona.

7. Michalak and Andrews made all premium payments due under the homeowners' insurance policy contract with Stillwater.

8. On or about November 17, 2012, while Michalak and Andrews were out of the country on vacation, their home was burglarized. Property was destroyed and other valuable property was stolen from the residence, including, but not limited to tools, computer equipment, camera equipment, guns, jewelry, and movies.

9. In addition to the theft, the perpetrators intentionally set fire to the home, thereby destroying the home and the remainder of its contents.

10. Michalak and Andrews learned of the theft and the fire through a phone call made to them while they were on vacation.

11. Michalak and Andrews reported the burglary, theft, and fire to the Maricopa County Sheriff's Office ("MCSO"). MCSO prepared an incident report. MCSO has investigated the matter. Michalak and Andrews believe the investigation may be ongoing; however, to date, no suspect has been arrested or charged.

12. Michalak and Andrews submitted two claims with Stillwater for coverage under their policy, one associated with the theft and one associated with the fire.

13. The losses sustained by Michalak and Andrews were covered losses under the terms of the Policy.

14. Stillwater investigated the claim, and after considerable delays, made sufficient claim payments under the policy pursuant to the fire claim to allow Michalak and Andrews to rebuild their residence.

15. Stillwater, however, has refused to compensate Michalak and Andrews fully under the policy for the damages associated with the theft of their personal property, the damage to their personal property associated with the fire, their alternative living expenses, debris removal and other damages due under various lines of coverage available in the Policy.

## COUNT I

### (Breach of Contract)

16. All previous allegations are incorporated into this count.

17. Stillwater entered into a valid and binding contract to provide coverage for Michalak and Andrews.

18. Michalak and Andrews paid all premiums due under the Policy with Stillwater and have performed all other duties and obligations owed by them to Stillwater with respect to the Policy.

19. Stillwater continued to accept and charge premiums.

20. In breach of the Policy with Michalak and Andrew, Stillwater has refused to provide full coverage for the damages associated with the November 17, 2012 burglary and theft and November 18, 2012 fire at Michalak and Andrews' home.

21. Stillwater has failed to pay all the insurance benefits due under the Policy to which Michalak and Andrews are entitled, despite its obligation to do so.

22. Had Stillwater properly processed the claim and lived up to its obligations under the Policy, it should have paid for the stolen property, the fire-damaged property, the alternative living expenses incurred by Michalak and Andrews, the cost of debris removal, and all other damages due pursuant to the Policy issued by Stillwater to Michalak and Andrews.

23. Michalak and Andrews have been damaged as a direct result of Stillwater's failure to provide coverage and pay the damages associated with Plaintiffs' November 17, and 18, 2012.

## COUNT II

### (Tortious Breach of Covenant of Good Faith and Fair Dealing/Bad Faith)

24. All previous allegations are incorporated into this count.

25. At all relevant times, Stillwater was under a duty to act in good faith and deal fairly with Michalak and Andrews in handling the losses sustained by them.

26. Stillwater's refusal to fully pay Michalak and Andrews' claim is contrary to the insurance policy, as well as Stillwater's duty of good faith and fair dealing, and is part of a corporate plan, scheme and design by Stillwater to deny payments rightfully due to insureds under the policy.

27. Stillwater refused and failed to act in good faith and deal fairly with Michalak and Andrews, in that Stillwater failed to properly handle claims with respect Michalak and Andrews' November 17, and 18, 2012 claims in a reasonable manner.

28. In the absence of a reasonable basis for doing so, Stillwater failed and refused to provide Michalak and Andrews with the full benefits to which they were entitled under the Policy.

29. Michalak and Andrews have suffered generalized and special damages as a direct and proximate result of Stillwater's breach of the covenant of good faith and fair dealing.

30. Stillwater either intended to cause injury to Michalak and Andrews or acted to serve its own interests having reason to know and consciously disregarding the substantial risk that its conduct might significantly injure Michalak's and Andrews' rights or the rights of others.

WHEREFORE, Plaintiffs pray for relief as follows:

A. For judgment in favor of Michalak and Andrews and against Stillwater for general and special damages for breach of contract in an amount to be proven at trial;

B. For judgment in favor of Michalak and Andrews and against Stillwater for general and special damages for breach of the covenant of good faith and fair dealing in an amount to be proven at trial.

C. An assessment of punitive and exemplary damages in an amount appropriate to punish, deter, and set an example of Defendants.

D. For pre- and post-judgment interest to the full extent permitted by law.

E. For all costs and attorney's fees incurred herein pursuant to A.R.S. § 12-341.01 and as otherwise permitted by law;

F. For such other and further relief as the Court deems just and proper.

Dated this 31st day of December, 2014.

          THE COUNTERS FIRM, P.C
          ALEXI Professional Services, Inc.

By: /s/ Lisa J. Counters
    Lisa J. Counters
    Suzanne M. Ganier

Original filed via Turbo Court
and copy served via Turbo Court
this 29th Day of December, 2014
to:

J. Steven Sparks
SANDERS & PARKS, PC
3030 N. Third Street, Ste. 1300
Phoenix AZ 85012

/s/ Lisa J. Counters

-5-

In the Superior Court of the State of Arizona
In and For the County of Maricopa

**[This is not an official receipt.]**

Case Number: CV2014-013109
Form Set #1307365

# SUMMARY SHEET

ATTORNEY:
Lisa J Counters
Bar Number: 016436, Issuing State: AZ
4809 E Thistle Landing, Ste. 1
Phoenix, AZ 85048
Telephone Number: (602) 490-0030

DOCUMENTS LIST:
Amended Complaint



**Service of Process Transmittal**
12/01/2014
CT Log Number 526158162

TO: Deb Price
Fidelity National Financial, Inc.
4905 Belfort Rd Ste 110
Jacksonville, FL 32256-6007

RE: **Process Served in Arizona**

FOR: Stillwater Property and Casualty Insurance Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Michalak and Nina Andrews, etc., Pltfs. vs. Stillwater Property & Casualty Insurance Company, etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate, Demand for Jury Trial, Cover Sheet |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ Case # CV2014013109 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/01/2014 postmarked on 11/26/2014 |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service |
| **ATTORNEY(S) / SENDER(S):** | Lisa J. Counters The Counters Firm, P.C. 4809 E. Thistle Landing Drive Ste. 100 Phoenix, AZ 85044 602-490-0030 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/02/2014, Expected Purge Date: 12/07/2014 Image SOP Email Notification, Karen Zinner Karen.Zinner@StillwaterInsurance.com Email Notification, Mark Davey Mark.Davey@StillwaterInsurance.com Email Notification, John Giorgianni John.Giorgianni@StillwaterInsurance.com Email Notification, Trudy Beck trudy.beck@stillwaterinsurance.com Email Notification, Deb Price Deb.Price@StillwaterInsurance.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 2390 E. Camelback Road Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-381-9104 |

Page 1 of 1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



ARIZONA DEPARTMENT OF INSURANCE
2910 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269

7014 0510 0001 3934 2891

STILLWATER PROPERTY, AND CASUALTY INS CO
CT CORPORATION
2390 EAST CAMELBACK RD
PHOENIX AZ 85016
CV201401309